496 A.2d 28

**Glen J. MUSISKO, Appellant,**

**v.**

**EQUITABLE LIFE ASSURANCE SOCIETY, a corporation, Appellee.**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed July 19, 1985.

102

Joseph M. Zoffer, Pittsburgh, for appellant.

Nicholas A. Pasciullo, Pittsburgh, for appellee.

Before BROSKY, ROWLEY and FEENEY, JJ.*

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an Order of the trial court granting summary judgment in favor of Equitable Life Assurance Society (Equitable) and dismissing the class action complaint filed by Glen J. Musisko. We reverse.

The procedural and factual history of this case is as follows. On July 25, 1982, appellant was seriously injured in an automobile accident. On October 28, 1982, appellant filed an action in assumpsit against Equitable in the Arbitration Section of Civil Division of the Allegheny County Court of Common Pleas. Appellant's complaint sought recovery of weekly sickness and accident benefits under a group policy issued to United States Steel, appellant's employer, pursuant to an agreement with the United Steelworkers of America, of which appellant is a member. At the time of the accident herein, appellant was insured under the group policy issued by Equitable and under an automo-

* Judge John M. Feeney of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

bile insurance policy which provided for no-fault benefits pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. §§ 1009.101–1009.701. At the time he filed his complaint, appellant was receiving wage loss benefits under his no-fault policy in the amount of $1,000.00 per month.

It is undisputed that the group policy issued by Equitable provides for disability benefits in the sum of $217.00 per week. However, the policy contains the following provision at Section 9.37:

> The benefits otherwise payable under the program will be off-set by similar benefits payable for wage loss or medical expenses ... under any insurance policy, bond, fund, or other arrangement required by any motor vehicle insurance law requiring the provision of benefits for personal injury without regard to fault.

On the basis of the limitation in Section 9.37 of the policy, Equitable filed preliminary objections to appellant's complaint in the nature of a demurrer and for a more specific pleading. The trial court found that the provision clearly and unambiguously provided for dollar-for-dollar set-off against no-fault benefits. Nonetheless, the preliminary objections were overruled on the ground that the insurer had not offered evidence to establish the insured's awareness and understanding of the limitation of coverage under the policy. *See Hionis v. Northern Mutual Insurance Company*, 230 Pa.Super. 511, 327 A.2d 363 (1974). (Opinion of Wettick, J., January 21, 1983).

Equitable then filed a motion for summary judgment arguing that it was not required to show appellant's awareness and understanding of the disallowance of recovery under the particular facts of this case. This motion was denied by Opinion and Order dated April 19, 1983. The case was subsequently tried before a panel of arbitrators. Appellant presented testimony at the arbitration proceeding demonstrating that his actual wage loss per month was approximately $2,000.00. (N.T., June 22, 1983 at pp. 9–10).

On June 22, 1983, the arbitration panel entered an award in favor of appellant in the sum of $10,000.00. Equitable filed an appeal therefrom to the Allegheny Court of Common Pleas.

Equitable then submitted a second motion for summary judgment which was denied without opinion on September 9, 1983. In the meantime, appellant filed a motion to amend his complaint to a class action complaint and the motion was granted on September 22, 1983. Appellant then moved for certification of his class action complaint and requested entry of summary judgment. Appellant's motion for summary judgment was denied on December 9, 1983.

On February 2, 1984, Equitable filed its third motion for summary judgment relying on the case of *Standard Venetian Blind Company v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983) wherein the Court held that an insured may not avoid the consequences of a clear and unambiguous policy limitation by proof that he failed to read the limitation or did not understand it. *Id.*, 503 Pa. at 307, 469 A.2d at 567. The trial judge (Silvestri, J.) found that there was no longer a factual issue regarding the insured's awareness and understanding of the policy limitation in this case in light of the holding in *Standard Venetian*. The trial judge observed that in resolving Equitable's preliminary objections to the initial complaint, another judge had determined that the set-off clause in the policy disallowing double recovery was clear and unambiguous.[1] Relying on the prior ruling, the trial judge found that appellant was not entitled to benefits under the group

1. We note that, in resolving Equitable's preliminary objections to appellant's complaint, the initial trial judge (Wettick, J.) did not find that appellant sought double recovery. Rather, the trial judge found that appellant was already receiving monthly no-fault benefits in excess of what was provided him under Equitable's policy and that Section 9.37 of Equitable's policy clearly provided for a dollar-for-dollar set-off. Nonetheless, the complaint was not dismissed at that point because there was no evidence that the insurer had met the burden of proving the insured's awareness and understanding of the exclusion.

policy. Hence, Equitable's motion for summary judgment was granted and appellant's complaint was dismissed.[2]

On appeal, appellant argues that Section 9.37 of Equitable's group policy is ambiguous and that it must be contrued against the insurer. Appellant points out that he is not seeking double recovery, since his actual monthly wage loss exceeds the maximum amount of benefits payable under his no-fault policy. Thus, appellant contends that wage loss benefits payable under his no-fault policy are not "similar benefits" under Section 9.37 and he is entitled to recovery of sickness and accident benefits under Equitable's group policy. We find that appellant's argument has merit and, therefore, the trial court erred in granting summary judgment in favor of Equitable.

■■■ It is well settled that if the language of a policy prepared by an insurer is either ambiguous, obscure, uncertain or susceptible to more than one construction, courts will construe the language most strongly against the insurer and accept the construction most favorable to the insured. *D'Allessandro v. Durham Life Insurance Co.,* 503 Pa. 33, 467 A.2d 1303 (1983); *Blocker v. Aetna Casualty and Surety Co.,* 232 Pa.Super. 111, 332 A.2d 476 (1975). A provision of a contract of insurance is ambiguous if reasonably intelligent persons, considering it in the context of the whole policy, would differ regarding its meaning. *Adelman v. State Farm Mutual Automobile Insurance Co.,* 255 Pa.Super. 116, 386 A.2d 535 (1978).

■ Section 9.37 provides that "benefits otherwise payable under the Program will be off-set by *similar benefits* payable for wage loss or medical expenses" under any motor vehicle insurance policy providing for payment of no-fault benefits (emphasis added). Equitable argues that this section clearly mandates a dollar-for-dollar set-off of sickness and accident benefits payable under the group

2. The class action aspect of the case has been deferred pending resolution of the issue regarding interpretation of the policy limitation.

policy against benefits payable under appellant's no-fault insurance policy. Thus, since appellant already receives no-fault payments ($1,000.00 per month) that exceed the limits of coverage under the group policy ($217.00 per week), appellant is not entitled to coverage under the group plan, even if his actual losses exceed $1,000.00. We are not persuaded that the language of Section 9.37 clearly and unambiguously excludes coverage for the actual wage loss sustained by appellant *in excess* of his no-fault benefits. On the contrary, we find that Section 9.37 is susceptible to another reasonable interpretation.

█ Here, the record indicates that appellant's total wage loss per month is $2,000.00. However, the maximum amount of benefits payable under his no-fault policy is only $1,000.00 per month. Therefore, appellant does not seek additional recovery of benefits for the same dollars under the group policy. Instead, he seeks reimbursement for actual losses resulting from the accident for which he is not compensated under his no-fault policy. Accordingly, benefits payable under the group policy would not duplicate the benefits payable under appellant's no-fault policy and such benefits could not be characterized as "similar benefits" under Section 9.37. As we must construe the policy in favor of the insured, we find that appellant is entitled to recover sickness and accident benefits under Equitable's group policy in the sum of $217.00 per week.[3]

Order reversed and case remanded for entry of judgment in favor of appellant, Glen J. Musisko.

Jurisdiction is relinquished.

3. In light of our resolution of this case, we need not decide whether a clearly drafted dollar-for-dollar off-set provision would be valid and enforceable. For a discussion of the no-fault insurer's obligation where the insured has obtained insurance coverage for basic loss benefits under both a no-fault policy and a group or individual plan, see *Steppling v. Pennsylvania Manufacturers' Association Insurance Co.*, 328 Pa.Super. 419, 477 A.2d 515 (1984): *Pennsylvania Trial Lawyers Association, The Pennsylvania No Fault Motor Vehicle Insurance Act* § 1.18 (D. Shrager ed. 1979).