558 A.2d 103

**Pauline LOOMER, Executrix of the Estate of Walter Loomer, Louise Miller, Administratrix of the Estate of Donald Miller**

v.

**M.R.T. FLYING SERVICE, INC., Cessna Aircraft and James D. Miller, t/a Miller Aviation.**

**Appeal of Pauline LOOMER, Executrix of the Estate of Walter Loomer.**

Superior Court of Pennsylvania.

Argued March 8, 1989.

Filed May 2, 1989.

---

Richard F. Stevens, Allentown, for appellants.

Edward C. German, Philadelphia, for appellees.

Before WIEAND, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Pauline Loomer, executrix of the estate of Walter Loomer, appeals from an order of the Court of Common Pleas of Bradford County, entitling Loomer to the insurance coverage provided to a "passenger" pursuant to the terms of an insurance policy.

On September 20, 1975, Walter Loomer was piloting an aircraft leased to him by the M.R.T. Flying Service, Inc. ("MRT"). The plane was also occupied by Donald Miller and David Lennington. Due to a defective fuel tank, the fuel began leaking from the plane. In response, Loomer made an emergency landing in a field. The landing resulted in the death of Loomer and the front seat passenger, Miller.

Thereafter, Pauline Loomer brought suit against MRT. Following a lengthy jury trial, Pauline Loomer obtained a verdict in the amount of $708,306.00. The court then granted Mrs. Loomer an additional $186,870.00 for delay damages against MRT.

Following the exhaustion of all appellate remedies by MRT, Pauline Loomer filed a writ of execution against MRT, joining Gulf Insurance Company ("Gulf") and Aviation Adjustment Bureau, Inc., as garnishees. Gulf had written the original insurance policy in question. The policy provided a maximum coverage in the amount of $50,000 ($50,000 each person; $150,000 each occurrence) for each passenger injured as a result of an occurrence arising out of the use of the aircraft under Coverage "C" in the policy.

Coverage "A" of the policy, however, provides maximum coverage in the amount of $100,000 ($100,000 each person; $300,000 each occurrence) for non-passengers. Accordingly, the issue before the trial court was whether Loomer, the pilot of the airplane, was entitled to insurance coverage as a passenger ($50,000) or as a non-passenger ($100,000), pursuant to the terms of the insurance policy provided by Gulf. In addressing this issue, the trial court determined that Loomer was both a pilot and passenger since he was on the aircraft for the purpose of riding therein. Subsequently, Mrs. Loomer filed the instant appeal.

On appeal, Mrs. Loomer contends that the trial court erred in holding that her husband was a passenger. She argues that her husband, who was commanding, flying, operating, navigating, and otherwise controlling the aircraft, was not on the airplane for the purpose of merely riding therein and, as such, should not be placed in the same category as the other two occupants of the plane.

The construction of an insurance policy is a question of law which must be resolved by the courts. *Timbrook v. Foremost Insurance Co.*, 324 Pa.Super. 384, 471 A.2d 891 (1984). Initially, this Court must determine whether the terms of the insurance contract are ambiguous. *Musisko v. Equitable Life Assurance Society*, 344 Pa.Super. 101, 496 A.2d 28 (1985). A provision of an insurance contract is "ambiguous" if reasonably intelligent people could differ as to its meaning. *Musisko, supra.* Where a provision of an insurance policy is ambiguous, it will be construed in favor of the insured. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983). Where the terms of the insurance contract are not ambiguous, however, this Court must read the policy in its entirety and give the words therein their plain and proper meanings. *Koval v. Liberty Mutual Insurance Co.*, 366 Pa.Super. 415, 531 A.2d 487 (1987). In doing so, courts do not wish to convolute the plain meaning of a writing nor bestow upon the words a construction which is belied by the accepted and plain meaning of the

language used. *DiFabio v. Centaur Insurance Co.*, 366 Pa.Super. 590, 531 A.2d 1141 (1987). As such, this Court's initial determination is whether the terms of the policy are ambiguous.

In pertinent part, the provisions of the insurance contract are as follows:

1. Definitions—"passenger," means any person or persons while in, on or boarding the aircraft for the purpose of riding therein or alighting therefrom following a flight or attempted flight therein.

*Coverage A—Bodily Injury, Liability Excluding Passengers.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death, at any time resulting therefrom, sustained by any person excluding any passenger, caused by an occurrence arising out of the ownership, maintenance or use of the aircraft.

*Coverage C—Passenger Bodily Injury Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death, at any time resulting therefrom, sustained by any person, caused by an occurrence and arising out of the ownership, maintenance or use of the aircraft.

■ In reviewing these provisions it is apparent that the language therein is not ambiguous. The provision which is of particular interest to this case is that which defines "passenger." Clearly, this provision applies to those in, on, or boarding the airplane who wish to ride in the airplane. If reasonable people were to read this language, they would not differ as to its meaning. For this Court to hold otherwise would be to dissect and distort the plain language within the policy. See, e.g., *Griffith v. Continental Casualty Co.*, 506 F.Supp. 1332 (N.D.Tex.1981) (held that "passenger" was not ambiguous despite plaintiff's allegations); *Morgan v. Continental Casualty Co.*, 382 So.2d 351 (Fla. Dist.Ct.App.1980) (held that the term, "riding as a passen-

ger in an aircraft" was not ambiguous); *Paul Revere Life Insurance Co. v. First National Bank In Dallas*, 359 F.2d 641 (5th Cir.1966) (held that the term "passenger" is not inherently ambiguous when used in its common or popular meaning). Pursuant to this determination, the next issue to be addressed involves the application of the plain and proper meaning of the relevant terms within the policy. *Koval, supra.*

Although the determination of this issue has escaped the scrutiny of Pennsylvania courts, it has been addressed by other jurisdictions. In *Paul Revere, supra,* for example, the court was faced with the determination of whether the pilot of a civilian airplane was a "passenger" within the terms of the policy which served to exclude non-passengers from coverage. The court determined the common meaning of "passenger" does not include the pilot. Similarly, in *Griffith, supra,* the Texas court held that the definition of "passenger" does not include the pilot since the pilot does not merely ride in the airplane, but has the duty of operating the airplane. Further, in *Morgan, supra,* the Florida court also held that "passenger" does not embrace the term "pilot."

The only relevant and significant difference between the instant case and the cited cases is that the instant case provides a definition of the word "passenger." This definition serves only to support the holdings of the other cases since it fits within the ordinary usage of "passenger." Although these cases were borne in other jurisdictions, the ordinary meanings given to the terms "passenger" and "pilot" can easily transcend state boundaries. Just as the same dictionary can be shared by residents of different states, the ordinary meanings of the words "pilot" and "passenger" can also be shared.

Appellees, however, contend that the outcome of the instant case is controlled by *Continental Casualty Co. v. Warren*, 152 Tex. 164, 254 S.W.2d 762 (1953), which held that the insurance policy which indemnified the insured for loss resulting from injury sustained by any officer, employ-

ee, or guest in consequence of "riding as a passenger in, boarding, alighting from, making a parachute jump from (for the purpose of saving his life), or being struck by" a specified airplane owned by the insured and piloted by an authorized person, covered the death of the airplane's pilot. This determination was based upon the rule of construction which serves to construe the policy terms in favor of the insured, since the court found the language of the policy to be ambiguous. Thus, despite the court's concession that the phrase "riding as a passenger in" suggested the meaning of "passenger" as a non-operative of the plane, the court held otherwise. This case does not appear to support appellees' position, however, for if this Court finds that the language in the instant policy is ambiguous, it would be construed in favor of the appellant and against the appellees. Regardless, since said language has been found to be unambiguous, this Court is obligated to give the terms therein their normally accepted meanings.

The aforementioned case law encourages this Court to determine that the ordinary meaning of the word "passenger" does not include the pilot. Although this case law is persuasive, this Court will proceed to conduct its own analysis designed to determine the ordinary meanings of the relevant terms within the instant policy.

The American Heritage Dictionary defines "passenger" as "... A person who travels in a train, airplane, ship, bus, or other conveyance, *without participating in its operation.*" This definition harmoniously interacts with the definition contained within the policy at bar. At the very least, it is not in conflict with the policy's definition of "passenger."

Further, Webster's Ninth New Collegiate Dictionary defines the word "pilot" as "... one who handles or is qualified to handle the controls of an aircraft or spacecraft." As demonstrated, these words are not interchangeable. Further, when using the word "pilot" within its policy, Gulf did not interchange the words "pilot" and "passenger," since the word "pilot" is used separately in an

unrelated clause of the policy. This demonstrates Gulf's intent to differentiate between "pilots" and "passengers." Gulf could have chosen to include "pilots" in their definition of "passengers" had they so desired.

■ To hold that a pilot, while in the process of flying a plane, is a passenger would be to unnecessarily twist the ordinary meaning of the word "passenger." As such, based upon the aforementioned case law and the prior analysis, this Court finds that Loomer was not a passenger for purposes of the insurance policy and, therefore, should be included in Coverage "A," which relates to non-passengers.

Accordingly, this Court reverses the decision of the trial court.