592 A.2d 51

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant,**

v.

**TRAVELER'S INSURANCE COMPANY, Charles E. Sanders, Randall Kevin Gossert and Little Sicily Pizzeria, Appellees.**

Superior Court of Pennsylvania.

Argued March 20, 1991.

Filed May 6, 1991.

Reargument Denied July 10, 1991.

Petition for Allowance of Appeal Denied Nov. 18, 1991.

Thomas E. Brenner, Harrisburg, for appellant.

Stephen L. Banko, Harrisburg, for Traveler's Ins., appellee.

Before CIRILLO, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment entered in the Court of Common Pleas of Lancaster County following an order denying appellant's motion for summary judgment. The only issue before this Court is whether the insurance policy issued by Traveler's Insurance Company affords coverage

under the circumstances of the present case. The facts of the present case, as stated by the trial court, are as follows:

Randall Kevin Gossert (hereinafter referred to as Gossert), on November 13, 1985, was returning from making a delivery of pizza for his employer, Little Sicily Pizzeria, when the automobile he was driving collided with an automobile driven by Charles E. Sanders. The title of Gossert's automobile was in his parents' names.

Little Sicily Pizzeria's insurance is with Traveler's Indemnity Company (Travelers). Gossert's insurance is with Pennsylvania National Mutual Casualty Insurance Company (PNI). Mr. Sanders brought suit against Mr. Gossert and Little Sicily Pizzeria seeking damages for injuries incurred in the accident. On or about September 4, 1986, Travelers orally informed PNI that Travelers would provide a legal defense for PNI's insured, Gossert. (R.R. at 10a.) Travelers subsequently denied that it would defend Gossert, however, alleging that Gossert is the actual owner of the automobile in question and is therefore not covered under the non-owner provision of Travelers' policy with Little Sicily Pizzeria.[1]

Appellant PNI filed a declaratory judgment action against Travelers seeking a legal declaration that Travelers must defend Gossert under the terms of the Travelers insurance policy. PNI then moved for summary judgment, alleging the Travelers insurance policy to be ambiguous and arguing that such ambiguity should be construed against

1. The pertinent provision of the liability policy issued by Travelers provides:

NON–OWNED AUTOMOBILE COVERAGE

Such insurance as is afforded by bodily injury and property damage coverage also applies to the use in the named insured's business of a non-owned private passenger automobile by any person other than the named insured or a non-owned commercial automobile used occasionally or infrequently by an employee of the named insured. The exclusion pertaining to automobiles in such form is amended accordingly.

This insurance does not apply to the owner of a non-owned automobile or any agent or employee of such owner and shall be excess over any other valid and collectible insurance available to the named insured.

Travelers to provide coverage for Gossert. (*See* n. 1.) After determining the policy to be capable of interpretation and, therefore, unambiguous, the trial judge denied PNI's motion for summary judgment.[2] Thereafter, appellant PNI defended Gossert in the litigation, which resulted in a verdict in favor of Mr. Sanders of $50,000.00, in addition to delay damages in the amount of $16,258.00. PNI has paid the verdict and seeks reimbursement from Travelers. (*See* appellant's brief at pp. 5–6.) On May 11, 1990, the trial court entered a declaratory judgment in favor of Travelers, requiring PNI to provide the insurance coverage. The sole issue decided by the trial court at that time was whether Gossert was the actual owner of the vehicle in question. The trial court determined that he was the owner, thereby denying him coverage under Travelers' policy.[3]

■ Appellant presents for our review the trial court's denial of its motion for summary judgment. As stated, the only issue presented at the summary judgment stage of the proceedings was whether the non-owner provision in the Travelers policy was ambiguous. The trial court held that the provision was not ambiguous and denied appellant's

2. Interpreting the Non–Owned Automobile Coverage Provision, the trial judge determined that the clause would not extend coverage to Gossert if he is the actual owner of the automobile in question but would extend coverage to him if his parents are the actual owners. The trial court went on to state that there was an existing issue of fact as to whether Gossert or his parents are the owners of the automobile in question and accordingly denied PNI's motion for summary judgment.

3. Appellees Travelers Insurance Company and Little Sicily Pizzeria, Inc., filed a motion to quash the present appeal for the reason that the case was submitted to the trial court on a "case stated" basis and appellant failed to preserve its right of appeal or file post-verdict motions. On January 16, 1991, a full panel of this Court denied appellees' motion to quash. We consider, however, only that issue which was the subject of appellant's motion for summary judgment (*i.e.*, interpretation of Travelers' insurance policy) as that is the only issue raised in appellant's statement of questions or argued in its appellate brief. We note that appellant could not have immediately appealed the trial court's order denying its motion for summary judgment, as that order was interlocutory. This appeal is now properly before us, as a final judgment has been entered by the lower court. *See Lane v. Schacht,* 260 Pa.Super. 68, 393 A.2d 1015, 1018 (1978).

motion for summary judgment, as a genuine issue of material fact existed as to the ownership of the automobile in question. Appellant argues that the trial court erred in its interpretation of the non-owner provision, alleging that such provision is ambiguous and should be construed against the insurer, Travelers. *Citing, Huffman v. Aetna Life & Casualty Co.,* 337 Pa.Super. 274, 486 A.2d 1330 (1984). We agree with appellant, that the non-owner provision is ambiguous and hold that the trial court erred in denying PNI's motion for summary judgment.

Generally, ambiguous provisions of an insurance policy are to be construed against the drafter and in favor of the insured. *Loomer v. M.R.T. Flying Service, Inc.,* 384 Pa.Super. 244, 558 A.2d 103, 105 (1989). Appellee would have this Court believe that this rule does not apply to the present case. (*See* appellee's brief at 8.) Appellee argues that this proposition of law does not apply where the parties to the dispute are two insurance companies. Appellee directs our attention to federal cases which support this position; however, appellee fails to discuss our Supreme Court's position on the issue.[4] In *Erie Insurance Exchange v. Transamerica Insurance Co.,* 516 Pa. 574, 533 A.2d 1363 (1987), an automobile liability insurer brought an action against a homeowner's insurer, seeking a declaration as to which insurer had a duty to defend and pay any damages in personal injury and wrongful death actions brought against an insured. The cause of action arose from an accident wherein the insured's child set a visitor's automobile into motion. After stating certain rules of construction with respect to insurance policies, our Supreme Court stated:

**4.** Appellee cites to *Keystone Insurance Co. v. Allstate Insurance Co.,* 633 F.Supp. 1358 (W.D.Pa.1986); *Chicago Insurance Co. v. Pacific Indemnity Co.,* 566 F.Supp. 954 (E.D.Pa.1982); *Union Carbide Corp. v. Travelers Indemnity Co.* 399 F.Supp. 12 (W.D.Pa.1975), for the proposition that the rule does not apply where the dispute is between two insurance companies. A federal court's interpretation of state law, however, does not bind this Court. *See Commonwealth v. Lacey,* 344 Pa.Super. 576, 496 A.2d 1256 (1985), *citing, Moore v. Sims,* 442 U.S. 415, 428, 99 S.Ct. 2371, 2379, 60 L.Ed.2d 994 (1979).

Although this case involves a controversy between two insurers, we will consider each policy from the point of view of the insured and construe each policy most strongly against the insurer.

*Id.* 533 A.2d at 1366–1367.

■ Therefore, applying this above reasoning of our Supreme Court, we reject appellee's argument and hold that the rule relating to ambiguity in an insurance policy applies, even though two insurers are the only parties involved. We now turn to the issue of whether the trial court erred in determining that the non-owner provision was not ambiguous. The non-owner provision provides coverage "to the use in the Named Insured's business of a non-owned private passenger automobile by any person other than the named insured ..." That provision later provides, "This insurance does not apply to the owner of a non-owned automobile or any agent or employee of such owner and shall be excess over any other valid and collectible insurance available to the named insured." The trial court, interpreting the non-owner provision, found it to be unambiguous. The trial court held that the clause does not extend insurance coverage to Gossert if he is the actual owner of the automobile in question but does extend coverage to him if his parents are the actual owners. While this certainly is one plausible interpretation of the non-owner provision, it is not entirely clear that it is the only possible construction of that provision. The first paragraph of the provision, providing coverage to the use in the named insured's business of a non-owned automobile by *any person* other than the named insured, undoubtedly affords coverage to Gossert under the facts of the present case. The vehicle driven by Gossert was not owned by the named insured and was being used by Gossert in furtherance of the named insured's business. The second paragraph, however, denies coverage to the owner of a non-owned automobile, which would include Gossert. When read in its entirety, it seems the non-owner provision would lead to the anomalous conclusion of affording coverage only to persons, other than the named insured,

who use a vehicle owned by someone other than themselves in furtherance of the named insured's business.

A provision of an insurance contract is "ambiguous" if reasonably intelligent people could differ as to its meaning. *Loomer v. M.R.T. Flying Service, Inc.*, 384 Pa.Super. 244, 247–249, 558 A.2d 103, 105 (1989), *citing, Musisko v. Equitable Life Assurance Society,* 344 Pa.Super. 101, 496 A.2d 28 (1985). Where a provision of an insurance policy is ambiguous, it will be construed in favor of the insured. *Loomer, supra, citing Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563 (1983). Where the terms of the insurance contract are not ambiguous, this Court must read the policy in its entirety and give the words therein their plain and proper meanings. *Loomer, supra* 558 A.2d at 105, *citing, Koval v. Liberty Mutual Insurance Co.,* 366 Pa.Super. 415, 531 A.2d 487 (1987). In doing so, courts do not wish to convolute the plain meaning of a writing nor bestow upon the words a construction which is belied by the accepted and plain meaning of the language used. *Loomer, supra* 558 A.2d at 105, *citing, DiFabio v. Centaur Insurance Co.,* 366 Pa.Super. 590, 531 A.2d 1141 (1987).

We believe that the non-owner provision is ambiguous, as the two paragraphs of that provision are plainly inconsistent with one another. When read together, the two paragraphs of the non-owner provision afford coverage to a very restricted group of persons. We agree with appellant that the inconsistency within the non-owner provision creates an ambiguity which the trial court should have construed against the insurer, Travelers, thereby affording coverage to Gossert.

In conclusion, we hold that the trial court erred in denying appellant's motion for summary judgment and accordingly reverse the order denying such motion. (*See* notes 2 and 3.)

Judgment reversed. Jurisdiction relinquished.