**FEDERAL KEMPER INSURANCE COMPANY**

v.

**Elizabeth SOSDORF.**

**Civ. A. No. 91–1615.**

United States District Court, E.D. Pennsylvania.

July 18, 1991.

Order on Motion for Reconsideration Aug. 21, 1991.

William A. Rubert, Philadelphia, Pa., for plaintiff.

Marvin W. Factor, Kathleen M. Factor, Factor & Factor, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

Federal Kemper Insurance Company ("Kemper") filed a declaratory judgment

action seeking to limit its liability under an insurance policy issued to the defendant's husband, George Sosdorf. As a member of the named insured's family, Elizabeth Sosdorf alleges that she is entitled to uninsured motorist coverage for injuries sustained in an accident which occurred on December 20, 1985. Pursuant to the Sosdorf insurance policy, an arbitration panel will determine what, if any, damages are owing to Elizabeth Sosdorf. As an initial matter, however, Kemper seeks a declaration by this court that the defendant is not entitled to stack the insurance policy limits which cover the four vehicles owned by the Sosdorfs.

Kemper filed a motion for summary judgment seeking a determination that Elizabeth Sosdorf's coverage was limited to $100,000, the stated limit for uninsured motorist coverage applying to each of the four Sosdorf vehicles. Elizabeth Sosdorf responded to this motion by claiming that she is entitled to stack her coverage up to a maximum of $400,000, the sum of the limits applying to the Sosdorf vehicles. This court agrees with the defendant and rules that she is entitled to stack her uninsured motorist coverage up to a maximum of $400,000.[1]

## I. SUMMARY JUDGMENT STANDARD

The court is required to enter summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). It is the moving party which must "demonstrate the absence of a genuine issue of material fact."

**1.** After filing its motion, Kemper was alerted to a recent decision by the Third Circuit Court of Appeals, *West American Insurance Co. v. Park,* 933 F.2d 1236 (3d Cir.1991), which militates against Kemper's motion for summary judgment based on the principle of equitable estoppel. Kemper now argues that, while the *Park* decision precludes the entry of summary judgment in its favor, it also precludes the entry of judgment in favor of Elizabeth Sosdorf, and instead mandates further discovery on the issue of defendant's reasonable expectations as to

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If that burden is met, the court must then decide, based on the undisputed material facts, whether the law dictates an outcome in favor of the moving party.

## II. SECTION 1736 OF PENNSYLVANIA'S MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAW

■ Elizabeth Sosdorf grounds her pro-stacking position in the Kemper policy's "Limit of Liability" clause:

> If bodily injury is sustained in an accident by *you*[2] or any *family member,* *our* maximum limit of liability for all damages in any such accident is the sum of the limits of liability for Uninsured/Underinsured Motorists Coverage shown in the Declarations applicable to each vehicle. Subject to this maximum limit of liability for all damages, the most *we* will pay for bodily injury sustained by a *covered person* other than *you* or any *family member* is the limit shown in the Declarations applicable to the vehicle the *covered person* was *occupying* at the time of the accident.

Defendant's Answer, Exhibit A, Page 2 of 3 (emphasis in original). This clause provides coverage for each member of the Sosdorf family up to the "sum of the limits" of liability on the four insured vehicles.

Notwithstanding the plain terms of this clause, Kemper maintains that stacking is statutorily barred by 75 Pa.Cons.Stat.Ann. § 1736 (Purdon Supp.1991). Section 1736 forms part of Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 Pa.Cons. Stat.Ann. §§ 1701–1738 (Purdon Supp.1991) ("MVFRL"), passed by the legislature to insure that Pennsylvania drivers were pro-

stacking. Defendant counters that *Park* merely confirms its pro-stacking position. This court agrees with the defendant. *See infra,* § III. Regardless, plaintiff is not entitled to the declaratory judgment which it seeks, because its underlying effort to rely upon § 1736 is misplaced. *See infra,* § II.

**2.** Here, "you" refers to George Sosdorf, the named insured, so that his wife, Elizabeth Sosdorf qualifies as a "family member."

vided with adequate underinsured and uninsured motorist coverage.[3] Section 1736 of the MVFRL provides: "The coverages provided under this subchapter may be offered by insurers in amounts higher than those required by this chapter but may not be greater than the limits of liability specified in the bodily injury liability provisions of the insured's policy." Kemper argues that § 1736 bars stacking where, as here, it would enable the insured to recover more than it could recover under the bodily injury provision of its policy. In support of its argument, Kemper relies primarily upon *Chartan v. Chubb Corporation,* 725 F.Supp. 849 (E.D.Pa.1989), *aff'd on reargument,* 759 F.Supp. 1125 (E.D.Pa. 1990).[4]

Defendant counters by citing a number of district court decisions ruling that § 1736 does not prevent stacking: *North River Ins. Co. v. Tabor,* 744 F.Supp. 625 (M.D.Pa.1990); *Maryland Casualty Co. v. Fitze,* 744 F.Supp. 628 (M.D.Pa.1990); *Byers v. Amerisure Ins. Co.,* 745 F.Supp. 1073 (E.D.Pa.1990); *Aetna Casualty and Surety Co. v. Kauffman,* 1991 WL 951, 1991 U.S. Dist. LEXIS 111 (E.D.Pa. Jan. 4, 1991); *Crum and Forster Personal Insurance v. Taylor,* 1991 WL 16549, 1991 U.S. Dist. LEXIS 3907 (E.D.Pa. Feb. 6, 1991). This court finds persuasive both the analysis and the pro-stacking conclusion of these courts. In addition, the Third Circuit Court of Appeals has recently affirmed *Kauffman, supra,* and thereby added its weight to the pro-stacking interpretation of

§ 1736. *Aetna Casualty & Surety Company v. Kauffman,* 935 F.2d 1280 (3d Cir. 1991).

The prevailing interpretation of § 1736 is well-grounded both in the MVFRL itself and in Pennsylvania case law. On its own terms, § 1736 limits coverage amounts for uninsured and underinsured motorist coverage, but makes no explicit reference to a limit on stacking. That the Pennsylvania legislature can and will make explicit its intention to limit stacking when it wishes to do so is made clear by § 1717, which went into effect at the same time as § 1736: "First party benefits shall not be increased by stacking the limits of coverage of … multiple motor vehicles covered under the same policy of insurance; or … multiple motor vehicle policies covering the individual for the same loss." Moreover, § 1738, effective July 1, 1990, explicitly permits the stacking of uninsured and underinsured motorist coverage. If, as Kemper argues, § 1736 *prohibits* such stacking, then the passage of § 1738 should have been accompanied by the repeal of or an amendment to § 1736. However, no such repeal or amendment exists.

Pennsylvania case law also supports a pro-stacking interpretation of § 1736. Pennsylvania cases examining "statutory purpose suggest that questions about coverage should be decided in favor of increased protection for accident victims, the people whose injuries this type of legisla-

---

**3.** Prior to passage of the MVFRL the state had required insurance companies to provide uninsured motorist coverage, but had not required the provision of *under* insured motorist coverage. *See Wolgemuth v. Harleysville Mutual Insurance Co.,* 370 Pa.Super. 51, 535 A.2d 1145 (1988). Section 1731(a) of the MVFRL eliminated this asymmetry by requiring that "[n]o motor vehicle liability insurance policy shall be delivered or issued for delivery in the Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are provided therein or supplemental thereto in amounts equal to the bodily injury liability coverage…." Section 1731(b) states that "[u]nderinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally

entitled to recover damages therefor from owners or operators of uninsured motor vehicles."

**4.** Plaintiff also cites *West American Insurance Company v. Park,* 1990 WL 87284, 1990 U.S. Dist. LEXIS 7806 (E.D.Pa. June 19, 1990), and *Erie Insurance Exchange v. McGaughey,* 72 Erie L.J. 231 (CCP Erie County 1990), both of which follow the *Chartan* decision. The *Park* decision was overruled by the Third Circuit Court of Appeals in *West American Insurance Company v. Park,* 933 F.2d 1236 (3d Cir.1991), although the appeals court's decision turned on the principle of equitable estoppel, not on an interpretation of § 1736 which contradicted that of the lower court. Still, the one appeals judge who did address § 1736 directly on the *Park* appeal found that it did not prevent stacking. *Id.* at 1240 (Greenberg, J., concurring).

tion seeks to remedy." *Byers, supra,* 745 F.Supp. at 1078. As noted in *Byers,* "the Pennsylvania courts have uniformly approved of stacking for class one insureds." *Id.* (citing various Pennsylvania state court decisions approving of stacking). Because "the legislature is presumed to be familiar with the case law against which it legislates," *Id.,* it is reasonable to assume that in the absence of any reference to stacking, § 1736 was not meant to prohibit it.

## III. EQUITABLE ESTOPPEL

■ Kemper's declaratory action is also defeated by the principle of equitable estoppel. By issuing the Sosdorf policy Kemper entered into a contract and agreed to be bound by its terms. One of those terms is the limit of liability clause, which explicitly permits the named insured or a family member to stack coverage. Kemper now seeks to avoid the performance of this contractual provision by declaring that it is void for public policy. Even if § 1736 did prohibit stacking, Kemper would be estopped from challenging the stacking clause which it wrote into the Sosdorf insurance policy.[5]

■ The Third Circuit Court of Appeals held recently in *West American Insurance Co. v. Park,* 933 F.2d 1236 (3d Cir.1991), that an insurance company is equitably estopped from "seek[ing] to use a provision of Pennsylvania law, [allegedly] prohibiting certain conduct by insurers, to defeat both the reasonable expectations of the insured and the explicit terms of the policy it wrote." *Id.* at 1240. Without examining whether § 1736 bars stacking,[6] the *Park*

court ruled that the insurer could not invoke § 1736 in an effort to prevent the insured from stacking its coverage when the policy issued by the insurer explicitly permits it. Otherwise, the insurer would be able "to defeat the reasonable expectations of the insured." *Id.*[7]

Kemper argues, however, that this ruling does not end the matter,[8] because the issue of Elizabeth Sosdorf's reasonable expectations presents a question of fact to be explored through discovery. Kemper argues that it can only be equitably estopped from challenging the stacking clause if Elizabeth Sosdorf demonstrates *factually* that she had a reasonable expectation of stacking her coverage.

Kemper is mistaken. While the determination of a party's reasonable expectations can present questions of fact, it is a matter of law where, as here, there is an explicit contractual term which the insurer has written into its policy. In the *Park* decision, there was no factual record containing "evidence" of the insured's reasonable expectations at the time the policy was issued. The court looked solely to the language of the policy, and ruled, as a matter of law, that the insured had a reasonable expectation of stacking coverage.[9]

Pennsylvania case law reinforces the *Park* court's approach to an insured's reasonable expectations. As stated by the Pennsylvania Supreme Court, "the intended beneficiary of an uninsured motorist policy is entitled to multiple coverage when multiple premiums have been paid," and this rule of law "is grounded in the belief that a person has reasonable expectations

5. As such, even if the Pennsylvania Supreme Court were to rule that § 1736 does prohibit stacking, Elizabeth Sosdorf would still be entitled to stack her coverage under the policy at issue.

6. Two days later, in *Aetna Casualty & Surety Company v. Kauffman,* 935 F.2d 1280 (3d Cir. 1991), the Third Circuit did rule that § 1736 does not bar stacking beyond the bodily injury liability limit by affirming a lower court decision to that effect. *Aetna Casualty and Surety Co. v. Kauffman,* 1991 WL 951 (E.D.Pa. Jan. 4, 1991).

7. *Park* was applied in another case decided by the Third Circuit on the same day. *North River*

*Insurance Company v. E. James Tabor,* 934 F.2d 461 (3d Cir.1991). Again, it was ruled that the insurer was estopped from challenging the stacking clause which it had included in the policy at issue.

8. The matter is ended, of course, regardless of this court's holding concerning equitable estoppel, since, as discussed *supra,* § 1736 does not bar stacking of the sort urged by the defendant.

9. Likewise, the decision in *Tabor, see supra* note 7, did not depend on a factual determination of the insured's reasonable expectations.

when he pays separate premiums that he has obtained coverage under separate policies, and therefore is entitled to benefits under each." *Utica Mutual Insurance Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005, 1010 (1984) (citation omitted). It is thus presumed, as a matter of law, that when an insured pays multiple premiums, it has the reasonable expectation of stacking its coverage. The Sosdorfs, who paid several premiums under a policy which explicitly permits stacking, had a reasonable expectation of stacking their coverage.

## ORDER ON MOTION FOR RECONSIDERATION

AND NOW, this 21st day of August, 1991, upon consideration of plaintiff's motion for reconsideration of this court's order, dated July 18, 1991, denying summary judgment and dismissing plaintiff's complaint, and upon consideration of defendant's response thereto, it is hereby ORDERED that plaintiff's motion is DENIED for the reasons that follow:

1. Federal Kemper Insurance Company ("Kemper") filed a declaratory judgment action seeking a determination that § 1736 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.Cons.Stat. Ann. § 1736 (Purdon Supp.1991), bars defendant from stacking uninsured motorist coverage under her husband's policy with Kemper. Kemper filed a motion for summary judgment which this court denied in a memorandum and order dated July 18, 1991. See page 264. This court also dismissed Kemper's claim, since it ruled that Elizabeth Sosdorf was entitled to stack her insurance coverage. Kemper has now raised a further issue, upon which it bases its motion for reconsideration of the July 18 memorandum and order.

2. In that memorandum, this court ruled that § 1736 does not bar insureds from stacking uninsured motorist coverage. In addition, this court ruled that even if § 1736 did bar stacking as a general proposition, Kemper could not raise a statutory defense because the policy which it sold to George Sosdorf expressly permitted

stacking. Specifically, the Kemper policy states:

If bodily injury is sustained in an accident by *you* or any *family member, our* maximum limit of liability for all damages in any such accident is the sum of the limits of liability for Uninsured/Underinsured Motorists Coverage shown in the Declarations applicable to each vehicle. Subject to this maximum limit of liability for all damages, the most *we* will pay for bodily injury sustained by a *covered person* other than *you* or any *family member* is the limit shown in the Declarations applicable to the vehicle the *covered person* was *occupying* at the time of the accident.

Defendant's Answer to Motion for Summary Judgment, Exhibit A, Page 2 of 3 (emphasis in original). As the Third Circuit Court of Appeals held recently in *West American Insurance Co. v. Park*, 933 F.2d 1236 (3d Cir.1991), an insurance company cannot contest an insured's right to stack coverage when the policy issued by the insurer explicitly permits stacking.

3. However, Kemper now focuses on its allegation that the policy was issued not to George Sosdorf, but rather to his sole proprietorship, George Sosdorf Plumbing & Heating. Kemper argues that because the policy was issued to George Sosdorf's business, Elizabeth Sosdorf did not have a reasonable expectation of being able to stack, and cannot in fact do so. According to the Kemper policy, only class one insureds—the named insured and family members—are permitted to stack coverage. Kemper argues that because George Sosdorf's business is the named insured, the family member category of class one insureds does not apply.

4. Even were this court to accept Kemper's argument that George Sosdorf's sole proprietorship were the named insured, it is not clear that Elizabeth Sosdorf would not qualify as a class one insured. In any case, this court's decision is not so difficult. The Kemper policy belies the argument that George Sosdorf is not the named insured, with the result that his wife Eliza-

beth is a class one insured and is eligible to stack coverage.

5. The following name and address are listed on Page 1 of the Kemper policy's "Amended Declarations Page",[1] under the heading "NAME AND MAILING ADDRESS OF INSURED":

* GEORGE SOSDORF
* PLUMBING & HEATING
* 102 MEADOW LANE
* CHELTENHAM PA
  19017

This language supports Elizabeth Sosdorf's claim that her husband, and not her husband's business, is the named insured. The name George Sosdorf appears as an independent unit, representing the named insured, whereas the following lines indicate mailing address. If Kemper intended to list the business as the named insured, it could have written "GEORGE SOSDORF PLUMBING & HEATING" without placing a mark before "PLUMBING & HEATING," just as it did with the last two lines, "CHELTENHAM PA 19017," indicating one continuous unit. That George Sosdorf is listed as the named insured is buttressed by the designation below and to the right of the name and mailing address, which reads "STATUS OF INSURED: INDIVIDUAL".

6. Kemper focuses on the "reasonable expectations" language in *West American Insurance Co. v. Park*, 933 F.2d 1236, 1238 (3d Cir.1991), and argues that Elizabeth Sosdorf's reasonable expectations of stacking must be proven as a factual matter. Thus, argues Kemper, it must be allowed to conduct discovery on the issue of her reasonable expectations. Yet, as this court noted in its July 18 memorandum, where a contract speaks unambiguously, the court will determine the parties' reasonable expectations as a matter of law. See page 267. Here, the policy unambiguously states that George Sosdorf is the named insured, thereby imparting the reasonable expectation that Elizabeth Sosdorf is also a class one insured.[2]

---

1. The "Amended Declarations Page" actually runs three pages in length.

2. In addition, even if the policy were ambiguous in identifying the named insured, this would not help Kemper. In the specific context of an insurance policy, ambiguous language "will be construed if favor of the insured." *Loomer v. M.R.T. Flying Service, Inc.*, 384 Pa.Super. 244, 558 A.2d 103, 105 (1989) (citing *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983)).