**Mark Patton General Contractor, Inc. v. Donegal Mut. Ins. Co.**

*William M. Cowan Jr.*, for plaintiff.
*Andrew L. Riemenschneider*, for defendant.

FRITSCH JR., *P.J.*, March 22, 2011—The matter before us is the appeal of Mark Patton General Contractor from our order dated January 5, 2011, granting summary judgment in favor of Donegal Mutual Insurance Company. This opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## BACKGROUND

Mark Patton General Contractor, Inc. (hereinafter "appellant") was contracted to perform construction work at St. Gregarious Church in Bensalem, Pa. in June of 2008. Appellant obtained a comprehensive insurance policy (hereinafter "the policy") from Donegal Mutual Insurance Company (hereinafter "appellee") that was in effect at all times relevant to this action. On July 18, 2008, the roof collapsed at St. Gregarious Church, causing damage to the building and equipment at the construction site. Appellant admitted to negligently installing trusses that caused the roof collapse. Following the incident, appellant filed a claim with appellee for coverage, which appellee denied. Appellant then filed a declaratory action to determine the amount of coverage, if any, required under the policy. Following a brief period of discovery, the parties filed cross-motions for summary judgment on stipulated facts. On January 5, 2011, we granted summary judgment in favor of Appellee and issued a memorandum

opinion explaining our decision. Thereafter, appellant filed a notice of appeal on February 3, 2011.

## ISSUES RAISED ON APPEAL

Upon request of this court pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), appellant has filed a statement of the errors complained of on appeal setting forth the following allegations, verbatim.

1. The Court of Common Pleas of Bucks County erred in its determination that the roof collapse, even though caused by plaintiff's negligence, did not constitute an occurrence and/or accident for purposes of his insurance policy under Pennsylvania law.

2. The Court of Common Pleas of Bucks County erred in its determination that the language of the insurance policy precludes plaintiff from any recovery whatsoever under his policy of insurance. Specifically the language under 16(b)4 of this policy "exclusions" constricts the exclusions to "that particular part of property" upon which operations are being performed. Since plaintiff was only performing work on the trusses of the building, and any and all collateral damage (damage to all other property except the trusses themselves) should be covered under the insurance policy.

3. The court of common pleas erred in its determination that the language of 16(b)4 is not ambiguous. The aforesaid section is in fact ambiguous and should therefore be construed against the insurance company

who drafted the terms and conditions of the policy.

4. The court of common pleas erred in its determination that exclusion 4(c)2 precludes plaintiff from any recovery whatsoever under his policy of insurance. Specifically, the language of 4(c)2 conflicts with the language of 16(b)4 and the insurance policy language should be interpreted in a manner most favorable to the policyholder, plaintiff.

## DISCUSSION

The standard for summary judgment, as set forth in Pennsylvania Rule of Civil Procedure 1035.2, is:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as matter of law

(1) Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa. R.C.P 1035.2.

In the present case, no material facts are at issue and the parties requested that this court decide the issue of liability as a matter of law.

## INCIDENT AS AN "OCCURRENCE" UNDER THE POLICY

Appellant argues that this court erred in determining that the roof collapse and subsequent damage do not constitute an occurrence under the policy. It is not in dispute that the policy obtained by plaintiff covers property damage as a result of an "occurrence." "Occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to conditions which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Appellant further argues that the roof collapse fits the definition of an occurrence as its admitted negligence resulted in an accident that was neither expected nor intended on its behalf.

Although a definition of "accident" is not provided in the policy, the Pennsylvania Supreme Court has defined the term in the context of litigation surrounding the extent of coverage under an insurance policy. See *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888 (Pa. 2006). The Pennsylvania Supreme Court in *Kvaerner* held that the definition of an accident that is required to establish an occurrence under an insurance policy cannot include claims based on faulty workmanship. *Id.* at 335. The court reasoned that claims based upon faulty workmanship "do not present the degree

of fortuity contemplated by the ordinary definition of an 'accident.'" *Id.* at 336.

In the present case, appellant has admitted to negligently installing the trusses that caused the collapse of the roof. Such admitted faulty workmanship does not constitute an accident or occurrence for purposes of an insurance policy under Pennsylvania law. Although appellant cited several cases from other jurisdictions in support of its argument, we found that *Kvaerner* is controlling in this matter and as such the admitted faulty workmanship of appellant precludes coverage under the policy.

## APPLICABILITY OF EXCLUSION 16(B)(4)

Appellant contends that this court erred in interpreting the language of exclusion 16(b)(4)[1] to preclude any coverage under the policy. Appellant argues that if they are liable under the policy, liability should be limited only to the negligently installed trusses.

Exclusion 16(b)(4)(i) provides that the policy does not cover property damage to the particular part upon which the insured is performing work. Appellant attempts

---

1. See page 23 of policy under section 16(b) of "exclusions" regar - ing coverage for damage to property which provides:
(4) That particular part of any property, not on premises owned by or rented to the insured;
(i) Upon which operations are being performed by or on behalf of the insured at the time of the property damage arising out of such operations;
(ii) Out of which any property damage arises; or
(iii) The restoration, repair, or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured.

to characterize the particular part of the property in the narrowest terms possible. If we were to apply appellant's interpretation of the provision, the insured would only be responsible for the damage caused to the negligently installed trusses. We found such an argument unpersuasive as it would unjustly allow the insured to avoid responsibility for the natural consequences of its negligent work and place an unfair responsibility upon the insurance company to cover the bulk of the loss. Furthermore, it would not be logical to differentiate between areas of damage that were caused solely by the appellant's negligence. Here, appellant was installing trusses to support the roof of the building. The roof collapsed due to appellant's faulty workmanship causing damage to the trusses, roof, building and personal property beneath it. Under the policy, appellant is not eligible to recover for any damages that occurred as a result of the collapse as those damaged areas were directly affected by appellant's negligent work.

Exclusion 16(b)(iii) specifically provides that the policy does not cover the restoration, repair, or replacement of property which has been damaged as a result of the insured's own faulty workmanship. As stated previously, appellant has admitted to faulty workmanship through the negligent installment of the trusses meant to support the roof of the building. The collapse of said trusses resulted in damage to the trusses, roof, building and personal property beneath it. Under the policy, appellant's admitted faulty workmanship precludes coverage for restoration, repair, or replacement of any property which was damaged as a

result of the negligently installed trusses.

## AMBIGUITY OF EXCLUSION 16(B)(4)

Finally, appellant contends that this court erred in determining that Exclusion 16(b)(4) is not ambiguous. Appellant argues that the exclusion is in fact ambiguous and should be construed against the appellee.

Ambiguity exists only when a policy provision is reasonably susceptible to more than one meaning. *Ryan Homes, Inc. v. Home Indem. Co.*, 647A.2d 939, 941 (Pa. Super. 1994)(citing *Musisko v. Equitable Life Assurance Soc'y*, 496 A.2d 28, 31 (Pa. Super. 1985)). A contract provision is not ambiguous simply because the parties have differing interpretations of its meaning. See *Ryan Homes, Inc.*, 647 A.2d at 941. Pennsylvania courts have upheld similar exclusions in denying coverage for damages as the result of faulty workmanship. See *Gene & Harvey Builders, Inc. v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 512 Pa. 420, 517 A.2d 910 (Pa. 1986). Therefore, we found that exclusion 16(b)(4) is not ambiguous.

## APPLICABILITY OF EXCLUSION 4(C)(2)

Appellant argues that this court erred in determining that exclusion 4(c)(2) precludes coverage under the policy. More specifically, appellant contends that exclusion 4(c)(2) is in conflict with exclusion 16(b)(4) and should be interpreted in favor of the insured.

Exclusion 4(c)(2) states that:

4. This policy does not insure against loss caused by

any of the following. However, any ensuing loss not excluded or excepted in this policy is covered:

(c) Faulty, inadequate, or defective

(2) Design, specifications, workmanship repair, construction, renovation, remodeling, grading, compaction;

See page 5 of policy under section 1, Perils and exclusions.

Thus, exclusion 4(c)(2) explicitly provides that the policy does not insure against loss caused by faulty workmanship. In the present case, appellant has admitted to negligently installing the trusses, a form of faulty workmanship, which caused the roof to collapse and subsequently damage the property in question. Based on this admission, appellant is precluded from coverage under the policy.

Additionally, we found that exclusion 4(c)(2) and exclusion 16(b)(4), when read together, are consistent as both preclude coverage under the policy in the event that damage is caused solely by the insured's faulty workmanship.

## CONCLUSION

For the reasons stated herein, we recommend that the present appeal be denied.