Carl SHIPLEY, Administrator of the Estate of Robert W. Liggitt, deceased, et al., Plaintiffs,

v.

OHIO NATIONAL LIFE INSURANCE CO., a corporation, Defendant.

Civ. A. No. 60-384.

United States District Court
W. D. Pennsylvania.

March 2, 1961.

Wray G. Zelt, Washington, Pa., for plaintiffs.

Alexander Black, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

In this action to recover the amount of life insurance applied for, defendant has moved for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C., on the ground that there exists no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. From the pleadings, admissions, answers to interrogatories and affidavits, the following material facts appear:

In connection with a construction mortgage obtained from the First Federal Savings and Loan Association of Greene County ("First Federal"), Robert Liggitt was solicited by Harold E. Simmons, a soliciting agent for defendant, to purchase defendant's Home Protection Plan in the amount of the loan. Simmons, who maintained rent-free desk space in the office of First Federal and obtained from them information concerning prospective mortgagors, visited the Liggitt home on May 12, 1959, at which time Liggitt executed and delivered to Simmons an application for life insurance, an assignment of the policy to First Federal, and a mortgage-modification agreement.

Item 30 of the application, Part I, immediately above Liggitt's signature, provided:

"30. It Is Mutually Agreed That: * * * 2. The insurance shall not take effect unless and until a policy issued as applied for is delivered to the Applicant and the full first premium thereon actually paid at the time of delivery during the lifetime of the Proposed Insured (and the Applicant for the Payor Benefit, if any) and then only if such answers would represent, without material change, true and complete answers to the same questions if asked at the time of delivery; except that if the amount shown in Item 15 above is paid to the agent in exchange for the conditional first premium receipt at the time this application is executed, the terms and conditions set forth in said receipt shall prevail. 3. Neither agents nor medical examiners are authorized to make or alter contracts, or to extend the time for payment of premiums, or to waive any of the Company's rights or requirements. * * * "

The first premium was never paid and the Conditional First Premium Receipt was not detached from the application.

On May 13, 1959, Liggitt was examined by defendant's medical examiner and Part II of the application was completed and sent to the home office of the defendant for processing. On May 28, 1959, defendant's Associate Medical Director determined that it would be necessary for Liggitt to submit a six-foot chest X-ray, before a decision as to Liggitt's insurability could be reached. Liggitt died on May 30, 1959, before the X-ray could be submitted and defendant's records were marked to show that the application was incomplete. No policy of life insurance was ever issued or delivered.

The only material facts in dispute concern representations allegedly made by Simmons at the Liggitt home on May 12, 1959, to the effect that payment by Liggitt of the first premium was not necessary in order to effect immediate coverage, that the defendant was the only approved insurance company through which Liggitt could receive coverage by way of "Home Protection" as a mortgagor of First Federal, and that immediate coverage could be effected without the payment of any moneys personally by Liggitt, inasmuch as all payments of premiums would be made by the First Federal. The truth of these allegations will be assumed for the purposes herein.

Under Count I of their complaint, plaintiffs proceed on the theory of breach of an oral contract of insurance made on May 12, 1959. Count II, which sounds in tort, is based on the negligence of defendant and the misrepresentations of its agent, Simmons.

■ Turning initially to the negligence theory, Pennsylvania law is clear that a life insurance company cannot be held liable in tort for the manner in which it handles an application for life insurance. Zayc v. John Hancock Mutual Life Insurance Company, 338 Pa. 426, 13 A.2d 34 (1940). Since the company is under no duty to insure any applicant, it therefore cannot be held to any standard of care in processing an application.

■ Essential to a recovery by plaintiffs under either of their remaining theories is the authority of Simmons to bind the defendant to an oral contract of insurance. The alleged representations and agreement were made contemporaneously with the execution of the application, Part I, by Liggitt. This application, however, clearly negates the existence of an oral contract, for it indicates that if there were to be any contract, that contract was to be in writing. Cf. Peters v. Colonial Life Insurance Co., 128 Pa.Super. 21, 33, 193 A. 460 (1937); New York Life Insurance Co. v. McCreary, 60 F.2d 355 (8th Cir. 1932); Braman v. Mutual Life Insurance Co., 73 F.2d 391 (8th Cir. 1934). Insurance was to be effected, if at all, in accordance with the terms and conditions of the application.

■■ Nevertheless, in any event, defendant is not bound by the representations made by Simmons on the basis of

either express or apparent authority, for the simple reason that Liggitt had actual knowledge of Simmons' lack of authority to "make or alter contracts." One dealing with an agent cannot hold the principal, on the basis of apparent authority, where he has notice of the agent's lack of authority. Slocum v. New York Life Insurance Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879 (1913); Peters v. Colonial Life Insurance Co., supra; Restatement 2d, Agency, § 166. The restriction in the application on the power of Simmons to contract constituted notice to Liggitt of Simmons' lack of authority to make the alleged contract and prevents plaintiffs from asserting that the defendant became bound by the unauthorized act of Simmons.

For these reasons, the motion will be granted.