Albert J. SERINO, Plaintiff,

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA,**
Defendant.

Case No. 3:09–CV–0466.

United States District Court,
M.D. Pennsylvania.

Sept. 18, 2009.

Michael I. Butera, Pittston, PA, for Plaintiff.

Richard McMonigle, Jr., Steven Schildt, Post & Shell, P.C., Philadelphia, PA, Michael I. Butera, Pittston, PA, for Defendant.

## MEMORANDUM

EDWIN M. KOSIK, District Judge.

Presently before us is Defendant Prudential Insurance Company of America's ("Prudential") Motion for Summary Judgment, filed September 17, 2009. (Doc. 8.) Plaintiff Albert J. Serino ("Serino") alleges that Prudential breached its contract with him by not paying him disability insurance benefits to which he was entitled and that this breach was in bad faith. (Doc. 2 at 9–10.) We have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), as the parties are diverse and the amount-in-controversy is met.[1]

### PROCEDURAL HISTORY

On January 30, 2009, Serino filed the Complaint in the Court of Common Pleas for Luzerne County, alleging that Prudential breached its contract by refusing to pay Serino certain disability insurance benefits and acted in bad faith. (Doc. 2, Ex. A at 9–10.) On March 21, 2009, Prudential removed this case to federal court pursuant to 28 U.S.C. § 1332 (Doc. 1) and filed a memorandum in support of the removal (Doc. 2). Prudential filed its Answer to Serino's Complaint on March 23, 2009, raising a number of counterclaims and requesting a declaratory judgment against Serino disaffirming his right to benefits under the insurance contract. (Doc. 3 at 2–8.) Serino filed his Answer to Prudential's counterclaims on April 3, 2009. (Doc. 6.)

Pursuant to an April 2009 case management conference, the parties agreed that discovery would run until August 29, 2009. (Doc. 7.) Prudential filed its Motion for Summary Judgment ("Motion") (Doc. 8), a Brief in Support of its Motion (Doc. 9), and a Statement of Materials Facts pursuant to Middle District of Pennsylvania Local Rule 56.1 (Doc. 10) on September 17, 2009.

On September 25, 2009, Serino filed a Cross Motion for Summary Judgment (the "Cross Motion") (Doc. 11), as well as a brief (Doc. 12) and exhibits (Doc. 15) in support of the Cross Motion, and a Statement of Facts (Doc. 14). These filings were untimely. (*See* Standing Order, Doc. 4.)

On October 9, 2009, Prudential filed (1) an Answer to Statement of Facts of Plaintiff and Counter–Statement of Material Facts Opposing Plaintiff's Motion and in Further Support of Defendant's Motion for Summary Judgment (the "Answer to Statement of Facts") (Doc. 16)[2] and (2) a Brief in Response to Plaintiff's Motion for

---

1. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and arises between citizens of different states. Prudential is a citizen of New Jersey because it is a corporation organized and existing under the laws of the state of New Jersey and has its principal place of business in Newark, New Jersey. Serino is a citizen of Pennsylvania, who resides in Pittston, Luzerne County, Pennsylvania. *See* Doc. 1 at 3.

2. Counter-statements of material fact are improper under our local rules, which require the non-moving party, here Prudential, to respond to the moving party's statement of facts, within which responses Prudential should add information necessary to respond fully, rather than recasting the facts in its own counter-statement. *See* M.D. Pa. Local R. Civ. P. 56.1 & 7.4. Prudential's filings will also be moot in light of the fact that we will strike Serino's Motion for Summary Judgment and associated filings, which we discuss *infra*.

Summary Judgment (the "Response Brief") (Doc. 17). In its Response Brief, Prudential notes that Serino's Cross Motion is untimely and requests that it be denied. (Doc. 17 at 18.)

As a preliminary matter, we concur with Prudential's assessment that Serino's Cross Motion is untimely. Based on the timeline outlined in the Standing Order (Doc. 4) and the April agreement between the parties (Doc. 7), discovery ended August 29, 2009. At that point, the twenty-day time limit we set for the filing of dispositive motions began to run. September 18, 2009 marked the deadline for filing; Serino filed his Cross Motion on September 25, 2009. We will therefore strike Serino's Cross Motion (Doc. 11) and its accompanying documentation (Docs. 12–15).[3] Additionally, insofar as they are in response to Serino's Cross Motion, improper under our local rules, and/or duplicative, we will strike Prudential's Answer to Statement of Facts (Doc. 16) and Response Brief (Doc. 17).

### FACTUAL BACKGROUND

The present dispute involves the language of a disability insurance contract, specifically, whether Serino, the insured, is entitled to disability benefits from Prudential for his entire life or only until age sixty-five.

■■■ The parties agree that Serino purchased a disability insurance policy (the "Policy") from Prudential in 1980. (Doc. 2 at 8, ¶ 3; Doc. 3 at 1, ¶ 3.) Prudential issued the Policy in the Commonwealth of Pennsylvania[4] (Doc. 1 at 4), and both parties have appended copies of the Policy to their filings (*see* Docs. 2 at 13–17 & 10 at 9–16).

On May 1, 1997, Serino alleges that he "became totally disabled and began collecting benefits pursuant to the [P]olicy at [sic] the amount of $2,000.00 per month." (Doc. 2 at 9, ¶ 4.) Serino was fifty-four years old when he began to receive benefits (Doc. 10 at 5, ¶¶ 14–16) and had been paying premiums on the Policy for nearly seventeen years (Doc. 2 at 9, ¶ 4). Serino alleges that Prudential wrongfully terminated his disability benefits on September 18, 2007, by claiming that the Policy's benefits terminated when Serino reached age sixty-five. (Doc. 2 at 9, ¶ 5.) Prudential alleges it terminated Serino's benefits be-

---

3. Striking Serino's Cross Motion does not preclude the court from granting summary judgment in his favor because Prudential has moved for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F.Supp. 147, 151–52 (M.D.Pa.1987), *aff'd*, 848 F.2d 44 (3d Cir. 1988) ("When one party has invoked the power of the court to render a summary judgment against an adversary, Fed.R.Civ.P. 54(c) and 56, when read together, give the court the power to render a summary judgment for the adversary if it is clear that the case warrants that result, even though the adversary has not filed a cross-motion for summary judgment."). Rather, the effect of striking Serino's Motion is that we will not consider the accompanying documentation for purposes of determining whether to grant Prudential's Motion. *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir.1942) ("Permission to plead after the allotted time is a matter for the discretion of the trial judge.") Moreover, because Serino failed to properly respond to Prudential's Statement of Material Facts, it is deemed admitted under the Rule. Local R. Civ. P. 56.1.

4. Neither party disputes that Pennsylvania law applies to this action. We apply the choice-of-law rules of the state in which the district court sits when federal jurisdiction is based on diversity of citizenship. *See St. Paul Fire & Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1431 n. 3 (3d Cir.1991) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Under Pennsylvania choice-of-law rules, an insurance contract is governed by the law of the state in which the contract was made. *McMillan v. State Mut. Life Assurance Co. of Am.*, 922 F.2d 1073, 1074–75 (3d Cir.1990); *Crawford v. Manhattan Life Ins. Co.*, 208 Pa.Super. 150, 221 A.2d 877, 880 (1966).

cause Serino had failed to satisfy the conditions of coverage. (Doc. 3 at 3–4.) Specifically, Prudential alleges that Serino's age at the time he became totally disabled precluded him from receiving continuing benefits under the Policy.[5] (Doc. 10 at 5–6, ¶¶ 14–20.)

The pertinent language in the Policy provides:

Part 1. Monthly Income Benefit for Total Disability: If a period of total disability due to sickness or injury commences while this policy is in force and such sickness or injury requires the regular care of a licensed physician, Prudential will periodically pay the applicable Monthly Benefit Amount specified for this Part 1 in the Schedule of Benefits for each month ... **In no event, however, shall payment be made for any day of the period of total disability if the day occurs on or after the Insured's 65th birthday and benefits have become payable for 12 or more months with respect to such period prior to such day of total disability.**

. . .

Part 6. Lifetime Extension of Monthly Income Benefit for Total Disability: (Applicable unless the words "Not Included" appear in the Schedule of Benefits.) **If benefits under Part 1 with respect to a period of total disability which commenced before the Insured's 50th birthday cease to be payable because the maximum limit for the payment of such benefits had been reached,** Prudential will commencing on the day immediately following the last day for which benefits are payable under Part 1, periodically pay the applicable

Monthly Benefits Amount specified for this Part 6 in the Schedule of Benefits for each month[.]

(Doc. 10 at 12–13, Ex. A (emphasis added).)

Prudential claims that the language of the Policy provides for the termination of Serino's benefits upon his sixty-fifth birthday. (Doc. 10 at 6, ¶ 20.) Prudential rejects Serino's argument that Part 6 of the Policy applies to his claims because Serino was fifty-four years old when his disability commenced, while Part 6 applies only to individuals who became disabled prior to attaining the age of fifty. (Doc. 10 at 31, Ex. D, Letter from Prudential Attorney Thomas Pinho to Michael Butera, Attorney for Serino, dated 2/23/2007.)

In contrast, Serino alleges that the Policy "clearly states that [he] purchased a lifetime extension of monthly income benefits for total disability" (Doc. 2 at 9, ¶ 6), and that "Defendant expressly orally warranted that Plaintiff was purchasing a lifetime extension of monthly income benefit[s] for total disability at the time of the purchase of the policy and for sometime thereafter" (Doc. 2 at 9, ¶ 10). Specifically, Serino avers that Louis Capone ("Capone"), Serino's brother-in-law and an alleged agent of Prudential, made representations of this nature to Serino. (Doc. 10 at 24, Ex. B, Defendant's Interrogatories Directed to Plaintiff.) In answer to Prudential's interrogatories, Serino states that Capone informed him "that I was purchasing a lifetime disability insurance policy and ... showed me a Declaration Sheet indicating that I was purchasing a lifetime disability insurance policy and that I would receive insurance benefits for the rest of my life if I became disabled."[6] (*Id.*)

---

**5.** In its Statement of Material Facts, Prudential asserts that Serino's date of birth is September 18, 1942. Serino filed his claim for total disability benefits in June 1997 (*see* Doc 10 at 5, ¶ 16 *and* at 28, Exhibit C), alleging that he had been disabled since May 1, 1997

(Doc. 10 at 5, ¶¶ 14–15). As we noted above, Serino would have been fifty-four at the time his disability commenced.

**6.** As previously noted, we rely only upon Prudential's Motion for Summary Judgment and

In his Complaint, Serino requests that we award him past and ongoing disability benefits from the date that Prudential stopped making benefit payments to Serino. (Doc. 2 at 10.) Serino also requests that we order Prudential to pay attorney fees and costs relating to his lawsuit, as well as punitive damages for its bad faith treatment of Serino. (Doc. 2 at 10.) In its Statement of Material Facts, Prudential alleges that Serino has since declared that he will not pursue a bad faith claim against Prudential. (*See* Doc. 10 at 25, ¶¶ 17–20.)

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 250, 106 S.Ct. 2505. The court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir.2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has satisfied its burden, the non-moving party "must present affirmative

evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251, 106 S.Ct. 2505). Neither unsworn statements of counsel in memoranda submitted to the court nor unsupported conclusory allegations in the pleadings will dispute a material fact. See Fed.R.Civ.P. 56(e); *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir.1990).

Rather, the non-moving party must file a short and concise statement of the material facts to respond to the numbered paragraphs of the moving party's statement, as to which it contends that a genuine issue to be tried exists. Local R. Civ. P. 56.1. This statement must not rely on mere allegations or denials and should set out specific facts showing a genuine issue for trial that are supported by evidence. See Fed.R.Civ.P. 56(e)(2); Local R. Civ. P. 56.1.

■ The court should consider the burden of proof to be sustained at trial when it evaluates a motion for summary judgment. In Pennsylvania, the insured must prove the elements of a bad faith case by clear and convincing evidence. *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir.2005); *Cowden v. Aetna Cas. & Sur. Co.*, 389 Pa. 459, 134 A.2d 223, 229 (1957); *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994). Accordingly, "the insured's burden in opposing a summary judgment motion brought by the insurer is 'commersurately high because the court must view the evidence present-

related filings (Docs. 8–10) because Serino untimely filed his Motion for Summary Judgment and supporting documents (Docs. 11–

15), which we will strike. Prudential's Statement of Material Facts is deemed admitted under Local R. Civ. P. 56.1.

ed in light of the substantive evidentiary burden at trial.'" *Babayan,* 430 F.3d at 137 (quoting *Kosierowski v. Allstate Ins. Co.,* 51 F.Supp.2d 583, 588 (E.D.Pa.1999)).

If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548.

## II. Breach of Contract Claim

In his Complaint, Serino argues that Prudential breached the terms of the Policy by terminating his disability benefits when he reached age sixty-five. Conversely, Prudential argues that terminating Serino's benefits at that time gave effect to the Policy's plain language and meaning. Prudential also argues that the Policy represents a fully integrated contract and that we should therefore hold any oral modifications to its terms by the parties prior to its execution to be invalid. We agree and will grant Prudential's Motion for Summary Judgment with regard to Serino's breach of contract claim.

In the present case, Serino raises two arguments to support his breach of contract claim against Prudential. First, Serino argues that the contract itself is susceptible to his reading, which would entitle him to lifetime disability benefits. Second, Serino argues that Capone, who sold Serino the Policy warranted that the Policy would provide Serino with lifetime bene-

fits, regardless of the language in the Policy itself and the existence of an integration clause. We find these arguments to be without merit.

■ In Pennsylvania, to establish a breach of contract claim, a party must show (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) damages. *See Ware v. Rodale Press, Inc.,* 322 F.3d 218, 225 (3d Cir.2003) (citing *CoreStates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa.Super.Ct.1999)).

■ "The construction of an insurance policy is a question of law which must be resolved by the courts." *Loomer v. M.R.T. Flying Serv., Inc.,* 384 Pa.Super. 244, 558 A.2d 103, 105 (1989) (citation omitted). Mere disagreement between the parties regarding the meaning of a contract is not enough to render it or its terms ambiguous. *See J.C. Penney Life Ins. Co. v. Pilosi,* 393 F.3d 356, 364 (3d Cir.2004); *State Farm Fire & Cas. Co. v. MacDonald,* 850 A.2d 707, 710 (Pa.Super.Ct.2004). Rather, the court must determine whether the terms of the insurance contract are ambiguous. *Loomer,* 558 A.2d at 105. "A provision of an insurance contract is 'ambiguous' if reasonably intelligent people could differ as to its meaning." *Id.* (citing *Musisko v. Equitable Life Assurance Soc'y,* 344 Pa.Super. 101, 496 A.2d 28 (1985)). "Where a provision of an insurance policy is ambiguous, it will be construed in favor of the insured." *Id.* (citing *Standard Venetian Blind Co. v. Am. Empire Ins. Co.,* 503 Pa. 300, 469 A.2d 563 (1983)). "Where the terms of the insurance contract are not ambiguous, however, [the] court must read the policy in its entirety and give the words therein their plain and proper meanings." *Id.* (citing *Koval v. Liberty Mut. Ins. Co.,* 366 Pa.Super. 415, 531 A.2d 487 (1987)).

■ With regard to what evidence courts may consider in analyzing a con-

tract, the parol evidence rule bars evidence of prior representations in a fully integrated contract. *See Rahemtulla v. Hassam,* 539 F.Supp.2d 755, 772 (M.D.Pa.2008) (citations omitted). "Where a written contract contains an integration clause, 'the law declares the writing to not only be the best, but the only evidence of the parties' agreement.'" *Id.* at 772–73 (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.,* 578 Pa. 479, 854 A.2d 425, 436 (2004)). Integration clauses thus serve to give effect to the parol evidence rule: "the written contract, if unambiguous, must be held to express all of the negotiations, conversations, and agreements made prior to its execution, and neither oral testimony, nor prior written agreements, or other writings, are admissible to explain or vary the terms of the contract." *Id.* at 773 (quoting *Hart v. Arnold,* 884 A.2d 316, 341 (Pa.Super.Ct.2005)).

■■ The plain language of Part 1 of the Policy bars Serino from receiving payments on his disability claim following his sixty-fifth birthday since his disability commenced more than a year before that date. Moreover, Part 6, upon which Serino relies, expressly applies to individuals whose disability commenced prior to the age of fifty; Serino admits that he was fifty-four at the time he became disabled. As we noted above, while we interpret ambiguous insurance contracts in favor of the insured, we cannot pretend an ambiguity exists where the language of the Policy is clear. We therefore reject Serino's contention that the Policy should be construed in his favor based on its plain meaning.

■■ Alternatively, Serino claims that his discussions with Capone regarding the Policy, which took place before the Policy was executed, acted as an oral modification of the Policy's plain language. Capone's alleged assurances that the Policy would entitle Serino to lifetime disability benefits are exactly the type of evidence barred by the parol evidence rule. Moreover, the Policy contains an integration clause that explicitly bars the type of modification Serino claims. This clause reads:

> Entire Contract; Changes: This policy, including the endorsements and the attached papers, if any, constitutes the entire contract of insurance. No change in the policy shall be valid until approved by an executive officer of Prudential and unless such approval be endorsed on or attached to the policy. No agent had authority to change the policy or to waive any of its provisions.

(Doc. 10 at 14, Ex. A, the Policy, General Provisions.) Serino's failure to read the terms of the Policy do not now make his understanding of it binding. In light of the fact that Serino fails to allege proper modification to the Policy pursuant to the integration clause, we also will reject Serino's argument that his oral discussions with Capone modified the Policy to extend his disability benefit coverage.[7]

---

7. Serino relies on the theory that Capone, as Prudential's agent, had the authority to orally modify the Policy and bind Prudential to such a modification. We find this argument to be without merit, especially as Serino did nothing to formalize the oral agreement into a proper modification of the Policy under the Policy's express terms. Insurers must take care in what representations they or their agents made to insureds. *See D'Ambrosio v. Pa. Nat. Mut. Cas. Ins. Co.,* 262 Pa.Super. 331, 396 A.2d 780, 786 (1978) ("The insurer's promise to the insured to 'simplify his life,' to put him 'in good hands,' to back him with 'a piece of the rock' or to be 'on his side' hardly suggest that the insurer will abandon the insured in his time of need."). Nevertheless, where the insurance contract clearly states that it is the full agreement and offers a process for modifying its terms, we must respect those restrictions. *See, e.g., Shipley v. Ohio Nat. Life Ins. Co.,* 199 F.Supp. 782, 784 (W.D.Pa.1961), affd 296 F.2d 728 (3d Cir. 1961) (holding that a restriction of an agent's power in an insurance document puts the

For the foregoing reasons, we find that Prudential has satisfied its burden of showing that there is no issue of material fact in dispute and that judgment as a matter of law is appropriate. Serino's disability benefits terminated at age sixty-five under the Policy's plain meaning. We will therefore grant Prudential's Motion for Summary Judgment as to Serino's breach of contract claim.

## III. Bad Faith Claim

 Although Prudential asserts that Serino has retracted his bad faith claim, we will nevertheless address the claim in the absence of a formal motion by Serino to dismiss the claim. Serino essentially argues that Prudential refused to honor Capone's oral representations that the Policy entitled him to lifetime disability benefits and that this refusal was in bad faith. Insofar as Serino still alleges a claim against Prudential for bad faith in its dealings with him, we will grant summary judgment in favor of Prudential on this claim.

 In his Complaint, Serino asserted that Prudential terminated his disability benefits in bad faith. In Pennsylvania, 42 Pa. Cons.Stat. Ann. § 8371 provides a remedy for the bad faith conduct of insurers.[8] To succeed on a bad faith claim, a plaintiff-insured must prove: (1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim. *Northwestern Mut. Life Ins. Co. v. Babayan,* 430 F.3d 121, 137 (3d Cir. 2005); *Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 437 Pa.Super. 108, 649 A.2d 680, 688 (1994); *Klinger v. State Farm Mut. Auto. Ins. Co.,* 115 F.3d 230, 233 (3d Cir.1997) (recognizing that *Terletsky* established the test for § 8371 causes of action). The plaintiff must prove both elements by clear and convincing evidence. *Babayan,* 430 F.3d at 137; *Terletsky,* 649 A.2d at 688. "If there is a reasonable basis for denying resolution of a claim, even if it is clear that the insurer did not rely on that reason, there cannot, as a matter of law, be bad faith." *Williams v. Hartford Cas. Ins. Co.,* 83 F.Supp.2d 567, 574 (E.D.Pa. 2000).

In light of the plain language of the Policy, Prudential's termination of Serino's benefits was not in bad faith. The Policy expressly gives Prudential a reasonable basis for denying Serino benefits after his sixty-fifth birthday.[9] For this reason, we will therefore grant Prudential's Motion for Summary Judgment with regard to Serino's bad faith claim.

---

insured on notice of the agent's lack of authority to modify the agreement); *Piper v. Am. Nat. Life Ins. Co. of Tex.,* 228 F.Supp.2d 553, 561–62 (M.D.Pa.2002) (noting that the language in the insurance contract in *Shipley* expressly forbid the insurance agent from binding its principal to representations made in oral negotiations).

8. Section 8371 provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
(2) Award punitive damages against the insurer.
(3) Assess court costs and attorney fees against the insurer.
42 Pa. Cons.Stat. Ann. § 8371.

9. No evidence suggests that Prudential knew about the alleged oral modifications agreed upon by Serino and Capone, which the Policy's integration clause precludes, in any event.

CONCLUSION

For the foregoing reasons, we will grant Prudential's Motion for Summary Judgment (Doc. 8) and enter judgment on all counts in favor of Prudential. An appropriate order follows.

## ORDER

AND NOW, this *18* day of November, 2009, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment (Doc. 11), as well as all accompanying documents (Docs. 12–15), will be stricken from the record as untimely filed;

2. Defendant's Answer to Statement of Facts of Plaintiff and Counter–Statement of Material Facts Opposing Plaintiff's Motion and in Further Support of Defendant's Motion for Summary Judgment (Doc. 16) and Defendant's Brief in Response to Plaintiff's Motion for Summary Judgment and in Further Support of Defendant's Summary Judgment Motion (Doc. 17) will be stricken from the record as improper under our local rules, moot, and/or duplicative;

3. Defendant's Motion for Summary Judgment (Doc. 8) will be **GRANTED**;

4. Judgment is hereby entered in favor of Defendant and against Plaintiff; and

5. The Clerk of Court is ordered to **CLOSE** this case.